UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN DIAZ,<br><br>                            Plaintiff,<br><br>-against-<br><br>COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS; SING SING SUPERINTENDENT; SING SING DEPUTY SUPERINTENDENT FOR SECURITY; SING SING SERGEANT MARTINEZ; SING SING CORRECTIONS OFFICER J. VAZQUEZ; SING SING OFFICER D. MOWATT,<br><br>                            Defendants. | 24-CV-9578 (JGLC)<br><br>**ORDER OF SERVICE** |

JESSICA G.L. CLARKE, United States District Judge:

Plaintiff, who currently is incarcerated at Five Points Correctional Facility, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that between November 29, 2021, and December 14, 2021, during his incarceration at Sing Sing Correctional Facility, Defendants failed to protect him. By order dated December 16, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

**DISCUSSION**

A.   Order of service

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

B.      Local Rule 33.2

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of

---

summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[3]

C.     Referral to City Bar Justice Center

Plaintiff may seek legal advice and assistance from the City Bar Justice Center ("CBJC"), which operates the SDNY Federal Pro Se Legal Assistance Project to assist self-represented parties with civil cases in this court. Attached to this order are an informational flyer regarding their services and a retainer form for incarcerated individuals. Plaintiff is advised that the CBJC is a private organization that is not part of the court, and it cannot accept filings on behalf of the court.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is instructed to issue a summons for Defendants: (1) Commissioner, New York State Department of Corrections; (2) Sing Sing Superintendent; (3) Sing Sing Deputy Superintendent for Security; (4) Sing Sing Sergeant Martinez; (5) Sing Sing Corrections Officer J. Vazquez; and (6) Sing Sing Officer D. Mowatt, complete the USM-285 form with the address for each Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

---

[3] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

      Local Civil Rule 33.2, applies to this action.

SO ORDERED.

Dated: January 2, 2025
      New York, New York

_____
JESSICA G. L. CLARKE
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. Commissioner, New York State Department of Corrections and Community Supervision
   1220 Washington Avenue
   Albany, N.Y. 12226

2. Superintendent, Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562

3. Deputy Superintendent for Security, Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562

4. Sgt. Martinez, Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562

5. Officer J. Vazquez, Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562

6. Officer D. Mowatt, Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT
in the Southern District of New York (SDNY)



## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

This project assists plaintiffs and defendants on a variety of federal legal issues, including, among others, civil rights, employment discrimination, and disability discrimination. The team also assists incarcerated individuals with civil (non-criminal) claims.

## HOW WE HELP

Fed Pro provides limited assistance through full-time attorneys, legal support team members, pro bono (volunteer) attorneys, law school/college interns, and a social work team. **While we cannot provide full representation,** Fed Pro can assist litigants by providing limited-scope services such as:

 **Counseling** about potential federal claims prior to filing suit

 Consulting on **discovery** matters

 **Interpreting and explaining** federal law and procedure

 Assisting with the **settlement** process (including mediation)

 **Reviewing drafted pleadings** and correspondence with the Court

## HOW TO ACCESS OUR SERVICES



For assistance, please complete the **online form** located on our website, https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project/.

If you are not able to complete the form, or you have questions about the form, please **call (212) 382-4794.** Please leave a message and wait for us to call you back.



**CITY BAR JUSTICE CENTER**

SDNY Federal Pro Se Legal Assistance Project

### **LIMITED SCOPE LEGAL ASSISTANCE RETAINER AGREEMENT**

This agreement explains the terms of the limited legal assistance that the City Bar Justice Center ("CBJC") has agreed to perform for you through its Federal Pro Se Legal Assistance Projects ("Projects"). Writing your name at the end demonstrates your agreement to the terms herein.

    **I.**    **LIMITS OF ASSISTANCE**

The Projects agree to provide only limited scope legal assistance in connection with your matter. This means that:

- You remain a self-represented (pro se) litigant and are responsible for all aspects of your case. CBJC is not your attorney of record in this matter. In the event that you are or become a party to a case in the Eastern District of New York or the Southern District of New York or any other forum, CBJC will not enter an appearance or otherwise act on your behalf without expressly agreeing to do so and entering into a separate signed agreement with you. CBJC has no obligation to enter into any such agreement.

- CBJC has sole discretion to determine the specific type of services provided. These services may include providing advice and counsel about your case, explaining court orders and procedures, reviewing and commenting on your drafts, assisting with drafting, and discussing strategy.

- This retainer covers this consultation only. CBJC can stop assisting you with this matter at any time for any reason consistent with the New York Rules of Professional Conduct.

- CBJC has not agreed to represent or assist you on any other matter in the future. If CBJC does agree to any representation on another matter, then a separate signed retainer agreement will be necessary.

- You may request but are not guaranteed subsequent appointments. CBJC will only provide assistance on subsequent appointments if it provides you with confirmation to you of such assistance, via email or otherwise, with such additional assistance governed by the terms of this agreement, including that the assistance is for that consultation only and that CBJC has sole discretion to decide whether it will provide any additional future consultations.

- You are responsible for and must meet all deadlines in your case, regardless of whether you are able to have an appointment at the Projects in the Eastern District or the Southern District.

## II. FREE ASSISTANCE, NON-ATTORNEY PROVIDERS, AND COMPETENCY

CBJC does not charge for this assistance. You may be assisted by law students and/or paralegals under the supervision of an attorney consistent with the Rules of Professional Responsibility. CBJC's assistance does not guarantee success or any particular outcome but that CBJC will provide competent assistance.

## III. TERMINATION OF ASSISTANCE

Your participation is entirely voluntary, and you are free to stop receiving CBJC's limited scope assistance at any time. CBJC may stop providing limited assistance at its sole discretion consistent with the New York Rules of Professional Conduct. If CBJC chooses to stop providing limited assistance, it will provide notice by email, mail, or phone.

## IV. COSTS OF LITIGATION

Filing a lawsuit or defending against a case when you are sued can involve costs. You are responsible for all costs, including filing fees. The CBJC will not pay for any costs associated with your case. The Court may allow you to proceed without paying filing fees (this is called "proceeding in *forma pauperis*"). Whether you are allowed to proceed in *forma pauperis* is entirely up to the Court.

## V. CONFIDENTIALITY

CBJC will take all reasonable steps to maintain any information you provide as confidential.

## VI. REVIEW AND CONSENT

If you have questions or concerns, please leave a voicemail for the Project at (212) 382-4794, and someone will call you back to discuss this agreement.

By signing and writing today's date below, you indicate that you: have had an opportunity to discuss this agreement with CBJC or another Attorney of your choice; have read and understand this agreement; consent to the terms of this agreement; and understand the possible risks and benefits of proceeding with limited scope assistance.

_____        _____
Signature                                                                                Date

**Please mail these completed forms to the City Bar Justice Center, Pro Se Legal Assistance Project, 40 Foley Square, LL22, New York, NY 10007.**



**CITY BAR JUSTICE CENTER**

SDNY Federal Pro Se Legal Assistance Project

Name: _____  Date of Birth: _____

Facility: _____  Identification # _____

**How did you hear about our clinic? (circle one)**

| | | |
|---|---|---|
| Pro Se Intake Office | Website | Conference/Hearing with the Judge |
| Pro Se Information Package | Friend/Family | Order/Letter from the Judge |

Other: _____

**Do you already have an open case with the federal court? (circle one)**   Yes   No

**If yes, what is your case number?** _____

**If yes, which courthouse is it in? (circle one)**   Manhattan   White Plains

**Ethnicity? (circle one)**

| | | |
|---|---|---|
| Asian/Pacific Islander | Hispanic | Caucasian |
| Black | Middle Eastern | Decline to answer |
| African | Caribbean | Other: _____ |
| Native American | South Asian | |

**Gender?** _____

**Education level? (circle one)**

| | | |
|---|---|---|
| 8th grade or less | GED | 2-4 years of college/vocational school |
| Some high school | College graduate | Decline to answer |
| High school graduate | Graduate degree | |

**Please mail these completed forms to the City Bar Justice Center, Pro Se Legal Assistance Project, 40 Foley Square, LL22, New York, NY 10007.**



**CITY BAR JUSTICE CENTER**

SDNY Federal Pro Se Legal Assistance Project

**Immigration status? (circle one)**

| U.S. citizen (born in U.S.) | Naturalized U.S. citizen (Born in:_____) | Legal Permanent Resident |
|---|---|---|
| No lawful status | Decline to answer | Other:_____ |

**Marital status? (circle one)**

Single                               Married

Divorced                           Separated

Widowed                          Decline to answer

**Do you have a disability? (circle all that apply)**

| No | Mental health | Vision |
|---|---|---|
| Hearing | Mobility | Memory |
| Homebound | Decline to answer | Other:_____ |

**What is your primary language?** _____

**LGBTQ+? (circle one)**     Yes     No     Decline to answer

**Veteran?** _____

**Please mail these completed forms to the City Bar Justice Center, Pro Se Legal Assistance Project, 40 Foley Square, LL22, New York, NY 10007.**