UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN DIAZ,

                    Plaintiff,

           -against-

COMMISSIONER, NEW YORK STATE
DEPARTMENT OF CORRECTIONS;
SUPERINTENDENT, SING SING
CORRECTIONAL FACILITY; DEPUTY
SUPERINTENDENT FOR SECURITY; SGT.
MARTINEZ; J. VAZQUEZ; D. MOWATT,

                    Defendants.

24-CV-9578 (JGLC)

**<u>ORDER</u>**

JENNIFER G. L. CLARKE, United States District Judge:

Plaintiff, who is currently incarcerated in Five Points Correctional Facility, is proceeding *pro se* and *in forma pauperis* ("IFP"). He filed this complaint under 42 U.S.C. 1983, alleging that in 2021, during his incarceration at Sing Sing Correctional Facility, correction officers failed to protect him from assaults by other prisoners and subsequently ignored his grievances regarding those events. ECF No. 1.

In a submission filed after service was effected on the named Defendants, the New York State Attorney General's Office asserted that Plaintiff's complaint provided "no date, time frame, or specific names for" his allegations that corrections officials "ignored" his grievances, and that "[w]ithout more information, it is impossible to discern who Plaintiff intended to sue." ECF No. 13. By Memo Endorsement dated June 12, 2025, the Court determined:

> In order to ensure the proper parties have been named and served in this action, Plaintiff is instructed to either (1) file a letter confirming the individuals who have been served, as identified by the OAG in this letter, are the intended Defendants; or (2) file an amended complaint providing additional information, such as dates or names (to the extent known), with respect to Plaintiff's alleged attempts to invoke the prison's grievance procedures (and his allegations that these grievances were "tabled" by officials). Plaintiff must provide sufficient information to enable

the OAG to identify the intended defendants. Should Plaintiff file an amended complaint with sufficient information, the Court will thereafter instruct the OAG to ascertain the identity and badge number of these individuals which Plaintiff seeks to sue here, as well as the address where those defendants may be served. Should Plaintiff's amended complaint, however, fail to provide sufficient identifying information, those defendants may be dismissed from this action. Plaintiff shall file this amended complaint (or letter) by July 11, 2025.

ECF No. 14.

The Court thereafter granted Plaintiff three extensions of time to file the amended complaint. ECF Nos. 21–22, 25. On November 17, 2025, the Court received a letter from Plaintiff stating that, "[i]nstead of filing an Amended Complaint," he was "identifying the defendants . . . that [he] did not know" at time of filing. ECF No. 26. The letter further stated that the "Court advised me that I could either file an amended complaint, or locate the defendants, name them and send their names to the Court and to the Attorney General of the State of New York." *Id.*

## DISCUSSION

Because Plaintiff is proceeding *pro se*, the Court is obliged to construe his pleadings liberally and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). But the special solicitude in *pro se* cases has its limits. To state a claim, pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires that a complaint make a short and plain statement showing that a plaintiff is entitled to relief and include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff's letter does not satisfy the requirement of Rule 8 with regard to the newly added Defendants. The Court told Plaintiff that he could file either: (1) a letter confirming that the correct defendants had been named; or (2) an amended complaint naming individual Defendants

2

who were personally involved in the grievance process and alleging facts in support of that claim. ECF No. 14. Plaintiff instead submitted a letter listing the names of additional individuals he seeks to add as Defendants to this action. Plaintiff may not, however, name Defendants without providing facts in the operative pleading explaining what they did or failed to do that violated his rights. *See Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020) ("To hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official . . . ."); *Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."); *Iwachiw v. New York State Dep't of Motor Vehicles*, 299 F. Supp. 2d 117, 121 (E.D.N.Y. 2004) ("[W]here the complaint names a defendant in the caption but contains no allegations indicating exactly how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted" (citations omitted)), *aff'd*, 396 F.3d 525 (2d Cir. 2005).

The Court grants Plaintiff a final opportunity to file an amended complaint that complies with the information set forth in this order and the memo endorsement dated June 12, 2025. Plaintiff must file the amended complaint **within 45 days from the date of this order**. No further extensions of time are likely to be granted.[1] The amended complaint will replace, not supplement, the original complaint. Once Plaintiff files the amended complaint, the Court will review it and proceed accordingly. If Plaintiff does not file an amended complaint, the matter

---

[1] At this early stage, Plaintiff need not prove his allegations, provide documentary evidence, or cite case law. What the Court requires is an amended complaint that: (1) names defendants; and (2) contains a clear and concise account of the facts giving rise to this action and that explains how each Defendant was allegedly involved in violating his federally protected rights.

will proceed with the original complaint as the operative pleading as against the Defendants who have already been identified and served.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this Order, together with the amended complaint form attached herein and Plaintiff's original Complaint at ECF No. 1, to Plaintiff for his reference.

SO ORDERED.

Dated:    November 25, 2025
          New York, New York

_____
          JENNIFER G. L. CLARKE
          United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

**-against-**

_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The names
listed in the above caption must be identical to those contained in
Part I. Addresses should not be included here.)*

**AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:  □ Yes      □ No

(check one)

___ Civ. _____ (    )

I.    **Parties in this complaint:**

A.    List your name, identification number, and the name and address of your current place of
confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper
as necessary.

Plaintiff's    Name_____
                ID#_____
                Current Institution_____
                Address_____
                _____

B.    List all defendants' names, positions, places of employment, and the address where each defendant
may be served. Make sure that the defendant(s) listed below are identical to those contained in the
above caption. Attach additional sheets of paper as necessary.

Defendant  No. 1    Name _____ Shield #_____
                    Where Currently Employed _____
                    Address _____
                    _____

*Rev. 01/2010*                                 1

Defendant No. 2    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant No. 3    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

**Who did what?**

Defendant No. 4    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant No. 5    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

## II.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.    Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur?

_____

_____

B.    Where in the institution did the events giving rise to your claim(s) occur?

_____

C.    What date and approximate time did the events giving rise to your claim(s) occur?

_____

_____

_____

D.    Facts:_____

**What happened to you?**

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Was anyone else involved?**

_____
_____
_____
_____
_____

**Who else saw what happened?**

### III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____

### IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____    No _____

*Rev. 01/2010*                                    3

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____

_____

_____

B.    Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes ____    No ____    Do Not Know ____

C.    Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes ____    No ____    Do Not Know ____

If YES, which claim(s)?

_____

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes ____    No ____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes ____    No ____

E.    If you did file a grievance, about the events described in this complaint, where did you file the grievance?

_____

1.    Which claim(s) in this complaint did you grieve?

_____

_____

2.    What was the result, if any?

_____

_____

3.    What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.

_____

_____

_____

_____

F.    If you did not file a grievance:

1.    If there are any reasons why you did not file a grievance, state them here:

_____

_____

_____

_____
_____
_____

2.    If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.
_____
_____
_____
_____
_____
_____
_____
_____

Note:    You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V.    Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**VI.    Previous lawsuits:**

**On these claims**

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____ No _____

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

　　1.　　Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

　　2. Court (if federal court, name the district; if state court, name the county)  _____
_____

　　3.　　Docket or Index number  _____

　　4.　　Name of Judge assigned to your case_____

　　5.　　Approximate date of filing lawsuit  _____

　　6.　　Is the case still pending?  Yes _____ No _____

　　　　If NO, give the approximate date of disposition_____

　　7.　　What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

**On other claims**

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?
Yes _____ No _____

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

　　1.　　Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

　　2.　　Court (if federal court, name the district; if state court, name the county)  _____
_____

　　3.　　Docket or Index number  _____

　　4.　　Name of Judge assigned to your case_____

　　5.　　Approximate date of filing lawsuit  _____

_Rev. 01/2010_                                6

6.      Is the case still pending?  Yes _____  No _____

If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____
_____
_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff      _____

Inmate Number              _____

Institution Address        _____

_____

_____

_____

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:   _____