UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN DIAZ,

Plaintiff,

-against-

J. VAZQUEZ, et al.,

Defendants.

24-CV-9578 (JGLC)

**ORDER**

JESSICA G. L. CLARKE, United States District Judge:

On February 17, 2026, the Court issued an order pursuant to *Valentin v. Dinkins* that, among other things, directed Plaintiff John Diaz to file a second amended complaint by May 15, 2026. ECF No. 33. Plaintiff did not submit a second amended complaint by that date, and so the Court *sua sponte* extended Plaintiff's deadline to July 15, 2026. *See* ECF No. 36. To date, the Court still has not received a second amended complaint. Nonetheless, Mr. Diaz did file a letter that stated he mailed an amended complaint, raised concerns about mail to and from his facility, and requested appointment of a pro bono attorney. *See* ECF No. 37.

For the avoidance of confusion, the Court clarifies that it has, in fact, received an amended complaint from Mr. Diaz. *See* ECF No. 30 (dated January 28, 2026). The second amended complaint, however, is Plaintiff's opportunity to fully name the defendants he identified as Acting Commissioner Venetozzi, Cpt. Nixon, "Malin," M. Capra, and Assistant Deputy Superintendent —Security and Deputy Superintendent Programs—as defendants to this action; Defendants' April 6, 2026 letter supplies him with the information to do so. *See* ECF No. 35. The second amended complaint, thus, may look identical to the Amended Complaint in all but the caption and the names of the defendants. By **September 15, 2026**, Plaintiff is directed to file his second amended complaint. The second amended complaint will replace, not supplement,

Plaintiff's earlier complaints. If the Court does not receive a second amended complaint or other correspondence from Plaintiff by September 15, 2026, the Court may issue an order to show cause why this action should not be dismissed for failure to prosecute.

Additionally, Plaintiff's request for the appointment of pro bono counsel is DENIED without prejudice to renew at a later date. The Court "may request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1), but unlike criminal cases, civil cases do not require the provision of counsel for litigants who cannot afford counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Indeed, courts exercise "[b]road discretion" in deciding whether to seek pro bono representation in circumstances such as these and are directed to request counsel "sparingly." *Id.*; *Tronchin v. Shubert Org. Inc.*, No. 23-CV-10053 (MMG), 2026 WL 981480, at *1 (S.D.N.Y. Apr. 13, 2026) (*citing Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172–73 (2d Cir. 1989)). The litigant must demonstrate that he is indigent, as is satisfied by a successful *in forma pauperis* application. *See* ECF No. 5. And, he must demonstrate that his claim "seems likely to be of substance." *Medina v. New York State Div. of Parole*, No. 20-CV-3763 (VSB), 2025 WL 1397086, at *4 (S.D.N.Y. May 14, 2025) (quoting *Hodge*, 802 F.2d at 60).

Although barriers certainly complicate an incarcerated party's ability to litigate a civil case, Plaintiff has not yet met the standard to justify appointment of counsel. This case has not yet undergone motion practice, and the Court cannot adequately assess the viability of Plaintiff's claims, including whether Plaintiff has exhausted his administrative remedies. *See* ECF No. 30 at 4–5; *Fredricks v. Smith*, No. 21-CV-5669 (JGK), 2024 WL 3535750, at *3 n.2 (S.D.N.Y. July 25, 2024), *appeal dismissed* (Jan. 27, 2025) (quoting *Pizarro v. Ponte*, 17-CV-4412 (LGS), 2019 WL 568875, at *5 (S.D.N.Y. Feb. 11, 2019)) ("[T]he law is well-settled that the failure to take an

administrative appeal, even when the initial grievance receives no response, constitutes a failure to exhaust available administrative remedies.”). Nonetheless, Plaintiff alleges serious harm stemming from a failure to protect, and the Court will reconsider a renewed request at a future date if it appears Plaintiff may have viable claims.

The Clerk of Court is directed to mail a copy of this Order to Plaintiff, together with Plaintiff’s operative amended complaint at ECF No. 30 and Defendants’ *Valentin* letter at ECF No. 34.

Dated: August 7, 2026
White Plains, New York

SO ORDERED.

Jessica Clarke

JESSICA G. L. CLARKE
United States District Judge